IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DUSTIN M. JAMES, ) | |
| ) | |
|        **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 15-cv-01335-NJR |
| ) | |
| DEBRA HALE, ) | |
| THOMAS TRICE, ) | |
| ST. CLAIR COUNTY JAIL, and ) | |
| UNKNOWN PARTIES, ) | |
| ) | |
|        **Defendants.** ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Dustin M. James is currently housed in the St. Clair County Jail. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to the denial of medical care and retribution against him for seeking medical care.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line

between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, in January 2015, while incarcerated in the St. Clair County Jail, Plaintiff was assaulted by another inmate. He was taken to a local hospital and diagnosed as having an orbital fracture and possible concussion. A doctor released Plaintiff back to the Jail with instructions that, if the swelling persisted for longer than a week, Plaintiff should be returned to the hospital or seen by a doctor.

One week after being injured, Plaintiff was healing well, but a few days later he awoke with swelling, numbness and blurred vision. His face was so swollen that he could only eat soft food and drink liquids. Plaintiff immediately sought help from Nurse Debra Hale. Hale instructed him to fill out a sick-call slip, which Plaintiff did. Nevertheless, Hale did nothing. Multiple requests for medical care were submitted over the course of the following week, but none of the Jail's medical staff responded. Plaintiff's mother, who is a nurse, spoke with Nurse Hale, to no avail. An unidentified captain also took no action. Formal grievances went unanswered.

On about February 20, 2015—one month after the swelling flared up—Plaintiff's eye swelled shut. Plaintiff was seen by Nurse Hale, who declared that there was nothing wrong. Hale told Plaintiff that if he did not stop complaining she would summon Captain Trice. Plaintiff welcomed the opportunity to speak to an official. Trice appeared at Plaintiff's cell and instructed Plaintiff to pack his property because he was being taken for medical care. Captain Trice, accompanied by Nurse Hale, then escorted Plaintiff to a segregation cell. Trice said, "Here's

your medical treatment," as he shut the cell door and walked away. Plaintiff remained in segregation without treatment for three more days.

Plaintiff's criminal defense attorney intervened and was able to get Plaintiff released from the St. Clair County Jail on March 1, 2015, but Plaintiff was immediately arrested on a Madison County warrant. Madison County released Plaintiff from custody after one day, and Plaintiff was able to get to a hospital for treatment. An abscess was discovered in the left orbital socket.

Plaintiff contends Nurse Hale, Captain Trice, the unidentified prison officials referenced in the narrative of the complaint, as well as all medical staff at the Jail, were deliberately indifferent to his serious medical needs. He further contends Hale and Trice subjected him to cruel and unusual punishment by placing him in segregation. Plaintiff also asserts that the St. Clair County Jail is liable for "employing incompetent medical staff" (Doc. 1, p. 5). He seeks compensatory and punitive damages.

Although the complaint references the Eighth Amendment, because it appears that Plaintiff was a pretrial detainee during all relevant times, the Court construes his claims as being properly brought under the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment. *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)). The same legal standards *generally* apply under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners). *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Courts often use Eighth Amendment case law as a guide in evaluating a pretrial detainee's due process claims. *Budd*, 711 F.3d at 742.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all

future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: Nurse Debra Hale, Captain Thomas Trice, and unknown jail and medical staff, were deliberately indifferent to Plaintiff's serious medical needs, in violation of the Fourteenth Amendment;**
>
> **Count 2: Nurse Debra Hale and Captain Thomas Trice subjected Plaintiff to punishment when they placed him in segregation, in violation of the Fourteenth Amendment; and**
>
> **Count 3: The St. Clair County Jail violated the Fourteenth Amendment when it employed incompetent medical staff.**

### Discussion

The Due Process Clause of the Fourteenth Amendment generally prohibits conditions of confinement for pretrial detainees that amount to punishment. *Board v. Farnham,* 394 F.3d 469, 477 (7th Cir. 2005).[1] Jail officials also violate a pretrial detainee's rights "if they are deliberately indifferent to adverse conditions that deny 'the minimal civilized measure of life's necessities.'" *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)).

More specifically, pretrial detainees are entitled to "adequate medical care," and "[o]fficials violate this duty if they 'display deliberate indifference to serious medical needs of prisoners.' " *McGee v. Adams,* 721 F.3d 474, 480 (7th Cir. 2013) (quoting *Johnson v. Doughty,*

---

[1] The Court will not expound regarding the mental state required for liability to attach, except to observe that it is possible to infer from the complaint that certain defendants acted knowingly and deliberately. In *Kingsley v. Hendrickson*, 135 S.Ct. 2466, __U.S.__, 2015 WL 2473447 (Jun. 22, 2015), the Supreme Court ruled that a pretrial detainee's Fourteenth Amendment due process claim regarding the use of excessive force turned on the objective reasonableness of the use of force. The high court specifically declined to decide, however, whether such an objective standard might suffice in a case involving mistreatment of a detainee, as the defendants in that case did not dispute that they had acted purposefully or knowingly. Nevertheless, the *Kingsley* Court noted that an objective standard had been applied in *Bell v. Wolfish*, 441 U.S. 520, 541-43 (1979), relative to a variety of prison conditions, including double-bunking. *Kingsley*, 2015 WL 2473447 at *5-6. *Bell* did not specifically state that an objective standard applied; rather, the *Kingsley* Court characterized the "rationally related" and "appears excessive in relation to a legitimate nonpunitive governmental purpose" standards as being objective.

433 F.3d 1001, 1010 (7th Cir. 2006)). A defendant who has actual knowledge of a risk of serious harm and deliberately ignores that risk will be liable under the Fourteenth Amendment. *See Pittman ex rel. Hamilton v. City of Madison, Ill.*, 746 F.3d 766, 778 (7th Cir. 2014). In contrast, the Due Process Clause does not protect a detainee from the negligence or even the gross negligence of prison medical personnel. *See Matos ex rel. Matos v. O'Sullivan,* 335 F.3d 553, 557 (7th Cir. 2003).

### *Count 1*

The allegations regarding Nurse Debra Hale, Captain Thomas Trice, and other unknown parties failing to offer Plaintiff any medical care state a colorable Fourteenth Amendment claim. Therefore, Count 1 shall proceed. Of course, the identities of the unknown parties and their individual involvement must be determined and the complaint amended accordingly before liability can be determined.

### *Count 2*

Whether the allegation that Nurse Hale and Captain Trice placed Plaintiff in segregation rather than afford him medical treatment falls within the ambit of the Fourteenth Amendment or the First Amendment is debatable. Given that Plaintiff framed the issue as an Eighth Amendment punishment claim, those allegations will be treated as a Fourteenth Amendment punishment claim, rather than a First Amendment retaliation claim tied to Plaintiff having filed grievances about his medical care. Plaintiff can amend the complaint if this allegation has been misconstrued.

At this early juncture, in an abundance of caution, Court 2 will be allowed to proceed, although the likelihood of the claim going far will depend upon how the claim is fleshed out.

*Count 3*

The complaint only alleges that the St. Clair County Jail employed incompetent medical staff, which amounts to no more than negligence. Therefore, as pleaded, no colorable Fourteenth Amendment claim has been stated against the Jail, and dismissal without prejudice is warranted.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 3 and Defendant ST. CLAIR COUNTY JAIL** are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNTS 1 and 2** shall otherwise proceed against **Defendants DEBRA HALE, THOMAS TRICE, and the UNKNOWN PARTIES**.

The Clerk of Court shall prepare for Defendants **DEBRA HALE and THOMAS TRICE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. Consequently, Plaintiff's motion for service of process at government expense (Doc. 4) is **DENIED as moot**.

Service shall not be made on the unknown "John Doe" defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings, including consideration of Plaintiff's motion for counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C.

§ 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  January 4, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**