IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DUSTIN M. JAMES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 3:15-cv-1335-JPG-DGW |
| | ) |
| DEBRA HALE, THOMAS TRICE, and | ) |
| UNKNOWN PARTY, | ) |
| | ) |
|     Defendants. | ) |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Senior United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a).  For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment filed by Defendant Hale (Doc. 40) be **DENIED** and that the Court adopt the following findings of fact and conclusions of law.

### INTRODUCTION

While incarcerated at the St. Clair County Jail in January, 2015, Plaintiff was assaulted by another inmate and was diagnosed by an outside hospital with an orbital fracture and a possible concussion.  He was sent back to the jail with instructions to seek medical care if swelling persisted.  While Plaintiff was healing well a week after the assault, a few days after that, he experienced swelling, numbness, and blurred vision.  He sought medical care from

Defendant Hale, a nurse, who ignored his requests for medical care until a month later (by which time Plaintiff's eye had swelled shut). On February 20, 2015, when he was seen by Defendant Hale, she did nothing and instead summoned Defendant Trice, a captain. Defendant Trice, along with Defendant Hale, then accompanied Plaintiff to segregation, where he stayed for three days, in retaliation for seeking medical care. Plaintiff was released from the St. Clair County Jail on March 1, 2015 but was then incarcerated by Madison County for 1 day and subsequently released. Plaintiff is proceeding on a claim of deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendants Hale, Trice, and unknown medical staff (Count 1) and an cruel and unusual punishment claim, in violation of the Fourteenth Amendment against Defendants Hale and Trice (Count 2) (Doc. 8).

Only Defendant Hale seeks summary judgment on the affirmative defense of failure to exhaust (Doc. 41). Plaintiff filed a response on July 15, 2016 (Doc. 46). This matter was set for a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), on September 28, 2016. Plaintiff currently is incarcerated at the Graham Correctional Center.

### FINDINGS OF FACT

Defendants argue that Plaintiff filed no grievance regarding the above events while he was housed at the St. Clair County Jail. Plaintiff claims, however, that he filed a "Captains Complaint" to which he did not receive a response. He further states that he was told that grievance forms were not available at that time.

At the hearing, Plaintiff testified about the grievance procedure and the steps that he took. The Court finds Plaintiff credible in his statements that he submitted three Captains requests but that he did not receive any responses. Plaintiff testified that he was assaulted on January 11, 2015 and that his injuries, after healing for a week, got worse around January 18, 2015. He

verbally complained to and sought treatment from Defendant Hale (while he was in the infirmary) to no avail throughout the remainder of January 2015. Therefore, he filled out a Captains request (in addition to a sick call request) on February 11, 2015.[1] In the request, he stated that his condition was getting worse, that he could not eat, that Defendant told him that it was supposed to be that way, and that he wanted a second opinion. He did not receive a response. He completed a second Captains request a week later (on February 17, 2015) setting forth the same complaints. Plaintiff did not receive a response to this second request. Plaintiff testified that he saw Hale a week later and she threatened to take him to segregation. He was taken to segregation on February 20, 2015 and he filed a Captains request on that day also. He gave that complaint to an Officer Brown but did not receive any response.

Plaintiff further testified that he asked for copies of his complaints and additional forms to make handwritten copies but was given neither. In addition, when Plaintiff asked for a "grievance form," he was told that the Captains request served the same function and such grievance forms were not available.

### CONCLUSIONS OF LAW

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are

---

[1] Plaintiff originally testified that the submitted this first complaint at the end of January. However, he later stated, after looking at records, that he submitted it at the same time as a sick call request submitted on February 11, 2015.

in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

> The Prison Litigation Reform Act provides:
>
> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting

*Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Id.* 544 F.3d at 742. If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

The St. Clair County Jail has set forth a written grievance procedure outlined in the "Detainee Rules and Regulations" pamphlet (Doc. 41-1, revised on June 2014). The regulations indicate, in bold letters, that "A Captains request must be submitted prior to the grievance procedure." Thereafter, an inmate is required to submit a written grievance to the shift supervisor within 24 hours of learning of the circumstances giving rise to the grievance. A written response should be provided within 3 days. If dissatisfied, the inmate must submit the grievance to the Assistant Jail Superintendent within 48 hours. If dissatisfied with that decision, the inmate must submit the grievance to the Jail Superintendent, within 3 days, who issues a final decision. Finally, if an inmate does not get a response within 15 days, "then the jail Superintendent needs to be notified."

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper,

but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

By failing to respond the Captains request, Defendants rendered the grievance process unavailable and Plaintiff is deemed to have exhausted. As indicated above, Plaintiff submitted his first Captains request on February 11, 2015 with respect to Defendant Hale's conduct but he received no response. In this request, and the second request submitted on February 17, 2015, he sought medical attention for his injuries. Plaintiff also was not given paper to copy these requests nor was he given grievance forms by jail personnel. Therefore, he was thwarted in his efforts to exhaust his remedies through no fault of his own.

## RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Summary Judgment filed by Defendant Hale (Doc. 40) be **DENIED** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: November 2, 2016**

　　　　　　　　　　　　　　　　　　　　**DONALD G. WILKERSON**
　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**