IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DUSTIN M. JAMES, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DEBRA HALE, THOMAS TRICE, and )<br>UNKNOWN PARTY, )<br>)<br>    Defendants. ) | Case No. 3:15-cv-1335-JPG-DGW |

### REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Defendant Thomas Trice's Motion to Dismiss Plaintiff's Complaint on the Basis of Qualified Immunity (Doc. 32). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff Dustin M. James, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was detained at St. Clair County Jail ("the County Jail"). More specifically, Plaintiff alleges that he was denied adequate medical care following an assault by another inmate that caused him to suffer an orbital fracture and possible concussion. Plaintiff further alleges that while attempting to seek medical care he was placed in segregation for three

days. Following an initial screening of Plaintiff's complaint pursuant to 28 U.S.C. §1915A, Plaintiff was allowed to proceed on the following claims:

> Count One: Nurse Debra Hale, Captain Thomas Trice, and unknown jail medical staff, were deliberately indifferent to Plaintiff's serious medical needs, in violation of the Fourteenth Amendment; and
>
> Count Two: Nurse Debra Hale and Captain Thomas Trice subjected Plaintiff to punishment when they placed him in segregation, in violation of the Fourteenth Amendment.

Following the filing of his complaint, Defendant Trice filed the motion to dismiss now before the Court (Doc. 32). In his motion, Defendant Trice asserts that Plaintiff's complaint fails to evidence that his discretionary actions were unreasonable or violated Plaintiff's clearly established constitutional rights. In particular, Defendant Trice asserts that Plaintiff has not alleged, and discovery does not indicate, that Plaintiff suffered from an objectively serious medical condition. Further, Defendant Trice contends that Plaintiff's complaint fails to state how he was aware of Plaintiff's medical condition and deliberately disregarded a known risk to Plaintiff's health. Finally, Defendant Trice asserts that his decision to move Plaintiff to a different housing unit is a discretionary function protected by qualified immunity. Plaintiff filed an objection to Defendant Trice's motion to dismiss on June 23, 2016 (Doc. 43).

## LEGAL STANDARDS

Generally, government officials are protected from civil liability when performing discretionary functions under the doctrine of qualified immunity so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Alvarado v. Litscher*, 267 F.3d 648, 652 (7th Cir. 2001). Thus, in order to evaluate a claim of qualified immunity, the Court

engages in a two-part inquiry. The first question is whether the defendant's conduct violated a constitutional right. *Volkman v. Ryker*, 736 F.3d 1084, 1090 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (overruled in part by *Pearson v. Callahan*, 555 U.S. 223 (2009)). The second question considered is whether that particular constitutional right was "clearly established" at the time of the alleged violation. *Id.* The two questions may be considered in either order. *Volkman*, 736 F.3d at 1090 (citing *Pearson*, 555 U.S. at 236-42).

For a constitutional right to be clearly established, its contours "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Estate of Escobedo v. Bender*, 600 F.3d 770, 779 (7th Cir. 2010) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). The unlawfulness of a particular official's action must be apparent "in light of the pre-existing law." *Id.* A party may demonstrate that a right was clearly established by presenting a closely analogous case establishing the defendant's conduct was unconstitutional or by presenting evidence the defendant's conduct was so patently violative of the constitutional right that reasonable officials would know without guidance from a court. *See Hope*, 536 U.S. at 739-40.

## CONCLUSIONS OF LAW

At the outset, the Court notes that Defendant Trice submitted a number of exhibits in support of his motion to dismiss. Importantly, when a party attaches a document to a motion to dismiss, Rule 12(d) prescribes that the court must either convert the 12(b)(6) motion into a motion for summary judgment, or exclude the documents attached to the motion to dismiss and continue its analysis under Rule 12. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998); *see also* FED. R. CIV. P. 12(d). However, a court may consider documents attached to a motion to dismiss

without converting it to a motion for summary judgment if they are referred to in the plaintiff's complaint and if they are central to the plaintiff's claim. *Levenstein*, 164 F.3d at 647 (quoting *Wright v. Associated Ins. Cos., Inc.,* 29 F.3d 1244, 1248 (7th Cir. 1994)). This narrow exception is "aimed at cases interpreting, for example, a contract" and "is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *Id.* Importantly, the district court ultimately has discretion in determining whether to convert a motion to dismiss into a motion for summary judgment. *Levenstein*, 164 F.3d at 347 (citing *Venture Associations Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The Court has reviewed the documents filed in support of Defendant's motion to dismiss and finds that they do not fit the narrow exception articulated by the Seventh Circuit as the documents were not referred to in Plaintiff's complaint. As such, this Court would need to exercise its discretion and convert Defendant's motion into a motion for summary judgment, pursuant to Rule 12(d), in order to consider the attached documents. The Court declines to exercise its discretion in such a manner, finding that considering said documents would not change its analysis at this time. *See Hecker v. Deere & Co.*, 556 F.3d 575, 583 (7th Cir. 2009) (affirming district court's refusal to convert a motion to dismiss into a motion for summary judgment based on district court's discretion). Further, allowing Defendant to proceed on a motion for summary judgment at this juncture is premature, as Plaintiff has not had the opportunity to engage in

discovery to provide support for his allegations[1]. As such, the Court analyzes Defendant's motion as a motion to dismiss pursuant to Rule 12(b)(6) and declines to convert it to a motion for summary judgment.

In his motion to dismiss, Defendant Trice argues that the substance of Plaintiff's allegations do not amount to a claim of deliberate indifference or violation of the Fourteenth Amendment as Plaintiff did not suffer from an objectively serious medical condition and he was not deliberately indifferent to any such condition. Insofar as Defendant Trice's argument relates to the substance of Plaintiff's claim, and whether Plaintiff's allegations sufficiently stated a claim against him, the Court finds this argument unavailing. The standard used to address a motion made pursuant to Rule 12(b)(6) to dismiss a complaint is the same standard used by the Court in screening a *pro se* complaint pursuant to 28 U.S.C. § 1915A. *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court previously screened Plaintiff's complaint and determined he had stated a claim for deliberate indifference and a violation of the Fourteenth Amendment against Defendant Trice, finding that Plaintiff had pled sufficient facts to pass threshold review on these claims under the standards set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). As the Court has already conducted a thorough review of Plaintiff's complaint, the Court need not engage in yet another analysis using the same standards already considered. Such an endeavor would be a waste of judicial resources.

---

[1] The Court notes that Defendant Trice complains that Plaintiff has not responded to his written discovery regarding qualified immunity and failed to provide 26(a)(1)(A) disclosures. Plaintiff's failure to engage in this discovery, however, is not relevant to the Court's analysis as it declines to consider Defendant's exhibits in considering his motion to dismiss and, moreover, this action is exempt from the initial disclosure requirement set forth in Rule 26(a)(1)(A) and Defendant never sought to compel responses from Plaintiff to his written discovery.

Insofar as Defendant Trice contends he is protected by qualified immunity, the Court finds this argument to be a non-starter for the reasons set forth above. In particular, the allegations in Plaintiff's complaint have been found to allege a violation of Plaintiff's clearly established rights and, at this juncture, the Court declines to consider the question of qualified immunity in light of the additional evidence submitted by Defendant as the submission of this evidence was improper by way of a motion to dismiss.

### RECOMMENDATIONS

For the foregoing reasons, the Court **RECOMMENDS** that Defendant Thomas Trice's Motion to Dismiss Plaintiff's Complaint on the Basis of Qualified Immunity (Doc. 32) be **DENIED**; and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: December 12, 2016**

                                            **DONALD G. WILKERSON**
                                            United States Magistrate Judge