## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DUSTIN M. JAMES,     )
          )
   Plaintiff,    )
          )
vs.         )  Case No. 15-cv-01335-JPG-DGW
          )
DEBRA HALE, *et al*.,    )
          )
   Defendants.   )

## MEMORANDUM AND ORDER

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 57) of Magistrate Judge Donald G. Wilkerson with regard to Defendant Debra Hale's Motion (Doc. 40) for Summary Judgment for Failure to Exhaust Administrative Remedies.  Defendant Hale filed a timely objection to the R & R (Doc. 60) and plaintiff filed a response (Doc. 61) to the objection.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3).  The Court must review *de novo* the portions of the report to which objections are made.  The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary.  *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).   The Court has received an objection from the defendant and will review *de novo* those portions of the report.

Plaintiff was incarcerated in the St. Clair County Jail and assaulted by another inmate in January 2015.  After the attack, he was at an outside hospital and diagnosed with an orbital fracture and possible concussion.  The plaintiff appeared to be doing well for about a week and then shortly thereafter, he started to have swelling, numbness and blurred vision.  He verbally

informed and sought treatment from Defendant Hale, who is a registered nurse at the St. Clair facility, until the end of January.  Then, on February 11, 2015, he completed a sick call request and a Captains request stating that his condition was worsening.  He did not receive a response. He completed a second Captains request on February 17, 2015 and did not receive a response. Plaintiff was taken to segregation on February 20, 2015, and also filed a Captains request on that day and did not receive a response.

Magistrate Judge Wilkerson held a hearing with regard to the defendant's motion on September 28, 2016.  At the hearing, the plaintiff testified that he requested "grievance forms" and was informed that the Captains request served the same function and that grievance forms were not available.  The Magistrate Judge found the plaintiff's testimony to be credible.  As such, the R & R recommends the denial of the defendant's motion based upon a finding that administrative remedies were unavailable to the plaintiff.

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).   The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

As noted in the R & R, the written grievance procedure for St. Clair County Jail states that, "**A Captains request must be submitted prior to the grievance procedure**."  (Doc. 41-1, bold in original.)  Defendant argues that the R & R "ignored the sworn affidavit of Officer Yvonne McCall, in which she avers that . . .   no Captain's Requests or formal grievances

submitted by plaintiff could be located." Therefore, "[i]f the plaintiff actually filed said Captain's Requests, the St. Clair County Jail would have a record of them, whether or not they were responded to." (Doc. 60, pg 3-4). Further, the defendant argues that even if the Court believes that the plaintiff filed three Captains requests, he still failed to exhaust his administrative remedies as outlined in the St. Clair County Detainee Rules and Regulations because, "[t]he requirement to submit a Captain's request is independent of the actual grievance procedure, as evidence by the fact that it is included merely in a note to the grievance procedure, rather than the enumerated steps of said procedure."

Defendant's argument that the Captains request is "merely in a note" is not well taken given that the requirement to submit a Captains request is printed in large bold letters – indicating that a Captains request was a prerequisite to the grievance procedure. Further, the plaintiff's testified that he requested grievance forms and was told that a Captains request serves the same purpose and that he was never provided a grievance form.

The magistrate judge was in the best position to gauge the credibility of the plaintiff's testimony at the hearing and he found the plaintiff's testimony credible. As correctly stated in the R & R, "[a]n inmate is required to exhaust only those administrative remedies available to him" and that that "availability of a remedy does not depend on the rules and regulations as they appear on paper, but on 'whether the paper process was in reality open for the prisoner to pursue." (Doc. 57, pgs 6 -7)(*citations omitted*.)

The Court has reviewed Defendant Hale's Motion for Summary Judgment *de novo* and finds that administrative remedies were not available to the plaintiff. The Court further finds that the unobjected to portions of the R & R are not clearly erroneous.

Therefore, the Court hereby **ADOPTS** the Report and Recommendation (Doc. 57) in its entirety and **DENIES** Defendant Hale's Motion (Doc. 40) for Summary Judgment for Failure to Exhaust.

**IT IS SO ORDERED.**

**DATE:** 12/12/2016          _s/J. Phil Gilbert_
                              **J. PHIL GILBERT**
                              **DISTRICT JUDGE**