IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *DUSTIN M. JAMES,* | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 3:15-cv-01335-JPG-DGW ) |
| *DEBRA HALE* and CAPTAIN THOMAS TRICE, | ) ) ) ) |
| Defendants. | ) |

## DEFENDANT DEBORAH HALE'S MOTION TO EXCLUDE PLAINTIFF'S EXPERT REPORT AND TESTIMONY OF DR. ANGARONE AND BRIEF IN SUPPORT

COMES NOW Defendant Deborah Hale ("Ms. Hale"), by and through her undersigned attorneys, and for her Motion to Exclude Plaintiff's Expert's Report and Testimony of Dr. Angarone and Brief in Support[1] states as follows:

## INTRODUCTION

### A.  *Plaintiff's Claims.*

Plaintiff has filed his Complaint in this case pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to a serious medical need. [Doc. 89]. Specifically, Plaintiff alleged that Ms. Hale denied him adequate medical care for facial injuries he sustained in an altercation with another detainee. [Doc. 89].

Plaintiff claims Ms. Hale is liable because she allegedly delayed in providing Plaintiff with medical treatment. Specifically, Plaintiff claims Ms. Hale did not timely refer Plaintiff to a physician after he brought his health concerns to her on February 19, 2015 and for allegedly delaying the administration of his antibiotic as prescribed by his outside physician.

---

[1] Local Rule 7.1(c) states that a motion and a brief may be combined into a single submission. Nurse Hale does so here.

1

Ms. Hale denies that she was deliberately indifferent to Plaintiff's medical needs. Ms. Hale is a licensed nurse. At all times relevant to the Complaint, Ms. Hale worked as the Health Services Administrator at the St. Clair County Jail. As the Health Services Administrator, Ms. Hale's job duties included overseeing the nursing staff, keeping the nursing schedule, overseeing all the medication orders from the pharmacy, maintaining necessary corporate reports, and occasionally assisting her secretary in scheduling doctor follow-ups. Ms. Hale was not responsible for the day-to-day care and treatment of detainees. Ms. Hale is not a physician and cannot prescribe medications.

Additionally, Plaintiff also claims Ms. Hale subjected Plaintiff to cruel and unusual punishment by sending Plaintiff to maximum security housing. However, Ms. Hale denies this allegation as she plays no role in determining disciplinary confinement of detainees.

### B.     *Designation of Dr. Angarone.*

Plaintiff designated Dr. Michael Angarone as his retained experts. (See Dr. Angarone's Report attached hereto as Exhibit A.) Dr. Angarone is specialist in Infectious Disease at Northwestern University Feinberg School of Medicine in Chicago, Illinois. (See Dr. Angarone's CV attached hereto as Exhibit B, p. 1.) He attended medical school at the Chicago College of Osteopathic Medicine. (Exhibit B, p. 1.) Dr. Angarone reviewed Plaintiff's medical records (1) medical records from St. Elizabeth's Hospital, (2) medical records from Wexford Health Sources Inc., (3) medical records from Quantum Vision Centers (4) medical records from Archview Medical Specialists, (5) medical records from SLU Care (6) medical records from St. Claire County Jail, (7) the deposition of the plaintiff Dustin M. James and (8) deposition of Deborha Hale on or before April 17, 2018 for this lawsuit. (Exhibit A, p. 1.) Dr. Angaone opined Plaintiff developed an abscess on the left side of his face at the site of his left zygomatic fracture due to

negligence by the Defendant by not obtaining timely evaluation for the Plaintiff by a physician. (Exhibit A, p. 3.) Dr. Angarone further opined that this abscess was also due to the delay in the administration of antibacterials prescribed by Dr. Kraemer on Feb. 20, 2015. (Exhibit A, p. 3.)

C.   *Exclusion of Dr. Angarone.*

Dr. Angarone's opinions as to Ms. Hale should be excluded because they do not meet the standards of admissibility of expert testimony pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589 (1993). As will be discussed below, Dr. Angarone is not qualified to provide opinions as to Ms. Hale's standard of care or against Ms. Hale because he is not a nurse or Health Services Administrator, as she is, and he has no experience working with detainees or any individuals in a correctional facility. Dr. Angarone's opinions as to Ms. Hale should be excluded and prohibited.

## LEGAL STANDARD

Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), governs the admission of expert testimony in federal courts. *C.W. ex rel. Wood v. Textron, Inc.,* 807 F.3d 872, 834 (7th Cir. 2015). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

F��D. R. EVID. 702. Applying Rule 702, it is the trial judge who "must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at

589. Under this rule, expert testimony must not only assist the trier of fact, it must also demonstrate sufficient reliability. *Wood*, 807 F.3d at 834.

In *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137 (1999), the Supreme Court "conclude[d] that *Daubert's* general holding—setting forth the trial judge's general gatekeeping obligation—applies not only to testimony that is based on scientific knowledge, but also to testimony that is based on technical and other specialized knowledge." *Kumho Tire,* 526 U.S. at 141 (quotations omitted). Ultimately, reliability is determined on a case-by-case basis. *Wood*, 807 F.3d at 834.

The proponent of expert testimony carries the burden to prove its admissibility by a preponderance of the evidence. *Daubert*, 509 U.S. at 592. Although true rejecting expert testimony is the exception rather than the rule, this does not mean that the court will refrain from granting a motion to exclude expert testimony in an appropriate case, such as when the expert is not qualified or the underlying methodology and application of facts is unreliable. *See* FED. R. EVID. 702; *Daubert*, 509 U.S. at 592-93.

## ARGUMENT

I. **DR. ANGARONE'S OPINIONS RELATING TO MS. HALE SHOULD BE EXCLUDED BECAUSE HE IS NOT QUALIFIED TO OPINE ON A NURSE'S STANDARD OF CARE OR DEVIATIONS THEREFROM.**

Dr. Angarone proffers opinions against Ms. Hale in that he claims she failed to timely coordinate the proper medical care for Plaintiff. (Exhibit A, p. 3.) Dr. Angarone is a board-certified in Infectious Disease and Internal Medicine, but Ms. Hale is a licensed nurse and Health Services Administrator. They come from different "schools of medicine", and furthermore, Dr. Angarone has no experience or knowledge of working as a nurse and administrator in a correctional facility. (Exhibit B; see also, p. 17 of Dr. Angarone's Deposition Testimony

4

attached hereto as Exhibit C.) His opinions on Ms. Hale's standard of care or deviations therefrom should be excluded.

In deciding whether a proffered expert is qualified, "the district court functions as the gatekeeper" whose role is "to keep experts within their proper scope, lest apparently scientific testimony carry more weight with the jury than it deserves." *Smith v. Ford Motor Co.,* 215 F.3d 712, 718 (7th Cir. 2000). An expert may be qualified by knowledge, skill, experience, training, or education. FED. R. EVID. 702. The "court should consider a proposed expert's full range of practical experience as well as academic or technical training when determining whether that expert is qualified to render an opinion in a given area." *Smith,* 215 F.3d at 718. If the court finds the expert is not qualified to provide the proffered opinions, he or she should be excluded. *Smith,* 215 F.3d at 718; *see also e.g. Rivera v. Guevara*, No. 12-CV-04428, 2018 WL 3093339 (N.D. Ill., June 22, 2018) (finding proposed legal expert, who was a former state trial judge and prosecutor, was not qualified to testify on the standard of care applicable to an attorney in a criminal trial where the proposed expert had no experience with the subjects at issue).

A medical expert is qualified to testify on the applicable standard of care when: (1) the proposed expert is a licensed member of the same "school of medicine" about which he or she proposes to testify, and (2) the proposed expert can show he or she is familiar with the methods, procedures, and treatments ordinarily observed by other practitioners in the defendant practitioner's community or similar community. *Sullivan v. Edward Hosp.,* 209 Ill.2d 100, 112-13, 806 N.E.2d 645, 654 (Ill. 2004); *Lange v. Kaveney*, No. 07-632-DRH, 2008 WL 5111257 (S.D. Ill., Dec. 4, 2008). If the expert fails to satisfy either of these foundational requirements, the expert's testimony should be disallowed. *Sullivan*, 806 N.E.2d at 654.

*Dolan* established the first requirement, *i.e.,* that a health-care expert witness must be a licensed member of the "school of medicine" about which the expert proposes to testify. *Dolan* explained that there are different systems or "schools of medicine" with varying tenets and practices, and that testing the care and skill of a practitioner of one "school of medicine" by the opinion of a practitioner of another school would result in inequities.  The practitioner of a particular "school of medicine" is entitled to have his or her conduct tested by the standards of that school. *Dolan v. Galluzzo,* 77 Ill.2d 279, 283, 396 N.E.2d 13 (Ill. 1979); *see also Sullivan,* 806 N.E.2d at 654 (physician was not permitted to testify on standard of care of a nurse); *Lange*, at *3 (podiatrist was not permitted to testify on standard of care of a physician); *Shidler v. CVS Pharmacy, Inc.,* No. 2:05-cv-209, 2007 WL 601748 (Feb. 20, 2007) (physician not permitted to testify on standard of care of pharmacist).

Here, neither of the two foundational requirements can be met.  Dr. Angarone comes from a different "school of medicine" than Ms. Hale.  And, the allegations against Ms. Hale concern matters outside of Dr. Angarone's knowledge and experience.

*A.      Different "Schools of Medicine".*

Dr. Angarone is a physician with board-certifications in Infectious Disease and Internal Medicine, and Ms. Hale is a nurse.  Dr. Angaone admitted that he is not a licensed practical nurse, a registered nurse, or a nurse of any kind. (Exhibit C, p. 16.) Furthermore, Dr. Angarone admitted that he does not consider himself an expert in nursing. (*Id*.) Dr. Angarone also agreed that the training for doctors and nurses is different. Nurses are not medical doctors and thus do not have the ability to provide final diagnoses for patients or to treat the patient with prescription medication.  (Exhibit C, pp. 16-17.)

6

In the present case, Ms. Hale is a Licensed Practical Nurse. She does not have the ability to provide a medical diagnosis for a patient and she cannot prescribe medications. (Exhibit C, pp. 16-17.) By contrast, Dr. Angarone is board-certified in infectious disease who attended years of medical school after earning his bachelor's degree. He was also a resident for three years and a fellow for three years. (Exhibit B, p. 1.) He can provide final medical diagnoses for patients and prescribe medications for patients.

Dr. Angarone testified during his deposition:

> Q: All right. Now, you are not a licensed practical nurse of course?
> **A: I am not, no.**
> Q: And you have never -- you're not a registered nurse either?
> **A: I am not.**
> Q: So you are not a nurse of any kind?
> **A: I am not.**
> Q: And you've never gone to nursing school of any type?
> **A: I have not, no.**
> Q: And you don't consider yourself an expert in nursing?
> **A: I do not, no.**
> Q: Because the training, you would agree, for doctors and nurses is different?
> **A: Yes.**
> Q: Nurses whether they're RNs or LPNs cannot prescribe medication, can they?
> **A: No, they cannot.**
> Q: And they cannot provide medical diagnoses, correct?
> **A: They cannot, no.**
> Q: And you've never worked in a jail or a prison, right?
> **A: I have not, no.**
> Q: Have you sat on any type of a board involving medical care provided in a correctional institution such as a jail or prison?
> **A: I have not, no.**

(Exhibit C, pp. 16-17.)

Thus, Dr. Angarone agrees his expertise is in infectious disease, and not in nursing, let alone in a jail or correctional setting.

10510247.1

Ms. Hale and Dr. Angarone are not from the same "school of medicine". Nurses, such as Ms. Hale, are educated and trained differently than physicians, such as Dr. Angarone. They hold separate licenses and are regulated by different entities. Nurses, such as Ms. Hale, have a different focus and have different treatment options available than physicians, such as Dr. Angarone. Their approaches, methods, and philosophies with a patient are different.

As found in *Dolan*, it would be inequitable to allow Dr. Angarone to opine on Ms. Hale's professional services when he has such different education, training, options, and focus. Arguably, Dr. Angarone may hold Ms. Hale to higher standards than is proper since as a medical doctor, Dr. Angarone has more treatment options available to him than Ms. Hale. Ms. Hale is entitled to have her conduct tested by the standards of her own school – that of a nurse, which is not Dr. Angarone. *Dolan*, 396 N.E.2d 13. As such, Dr. Angarone is not qualified to testify against Ms. Hale, and his opinions should be excluded and prohibited.

**B.**     *No Knowledge or Experience in a Similar "Community".*

Ms. Hale is also entitled to have her actions tested by someone who has knowledge and experience with the methods and procedures of other practitioners in a similar "community". *Sullivan,* 806 N.E.2d at 654. Here, Ms. Hale's "community" is made up of detainees in a correctional facility located in Southern Illinois. Dr. Angarone has no such knowledge or experience in a similar "community".

Dr. Angarone's has no experience working in a jail, prison, or other similar correctional facility. (Exhibit C, p. 17.) Similarly, Dr. Angarone has never sat on any type of board involving medical care provided in a correctional institution. (*Id*.) As such, he does not appreciate the challenges and limitations of working with a detainee population which includes issues related to the safety and security of the detainees, correctional staff, medical staff, and general population

should the detainee need to be transported to an outside facility such as a hospital or doctor's office. He also has not had to work within the constraints presented by a correctional facility. Thus, Dr. Angarone has never worked within Ms. Hale's "community".

This lack of knowledge or experience within a similar "community" is critical as Dr. Angarone seeks to criticize Ms. Hale for things such as allegedly failing to coordinate medical healthcare for Plaintiff outside of the facility. Specifically, Dr. Angarone criticizes Ms. Hale for failing to provide Plaintiff with an evaluation by a physician on February 19th. (Exhibit A, p. 3.) Yet, Ms. Hale testified that a physician was not on-site on February 19th and thus her only recourse would have been to send Plaintiff to the emergency room for an emergency, or wait until his previously scheduled appointment on February 20th for non-emergent issues. However, Dr. Angarone has never had to make such a determination because (1) he is a physician and can diagnosis and prescribe medications and (2) because he has never had to work in a correctional facility which has inherent limitations. Since Dr. Angarone has never been faced with such a situation, he cannot equitably test Ms. Hale's acts or omissions in such a situation.

Rather, Dr. Angarone's experience comes from non-correctional facilities where medical care is coordinated differently and does not have the constraints which are inherently imposed on medical staff due to safety and security reasons. This experience has impacted the opinions Dr. Angarone proffers against Ms. Hale, but inequitably seeks to measure her actions by a set of standards different from those in her "community". As such, Dr. Angarone is not qualified to opine against Ms. Hale, and his opinions should be excluded and prohibited.

## **CONCLUSION**

For the above-stated reasons, Defendant Deborah Hale respectfully requests this Honorable Court grant her Motion to Exclude Plaintiff's Expert's Report and Testimony of Dr.

9

Angarone. Specifically, Defendant Hale requests Dr. Angarone be prohibited from testifying as to his proffered opinions against Defendant Hale because he is not qualified to do so and for such other and further relief as this Court deems just and proper.

SANDBERG PHOENIX & von GONTARD P.C.

By: *s/Abbey A. Fritz*
Untress L. Quinn, #6288532
Abbey A. Fritz, #6317010
600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
uquinn@sandbergphoenix.com
afritz@sandbergphoenix.com

*Attorneys for Defendant Deborah Hale*

## Certificate of Service

I hereby certify that on the 24th day of October 2018, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Richard Dvorak
Adrian Bleifuss Prados
Richard.dvorak@civilrightsdefenders.com
ableifuss@gmail.com

Matthew P. Prengaman
matthew@prengamanlaw.com
*Attorneys for Plaintiff, Dustin M. James*

*s/Abbey A. Fritz*

10510247.1